**GREGORY P. WONG (SBN: 204502)**
**BARKHORDARIAN LAW FIRM, PLC**
6047 Bristol Parkway, Second Floor
Culver City, CA 90230
Telephone: (323) 450-2777
Email: Greg@barklawfirm.com

**Attorneys for Plaintiff,**
**Ali Sanabria**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI SANABRIA, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SMALL BUSINESS LENDING, LLC, a New York Limited Liability Corporation; NEWTEKONE, INC., a Maryland Corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | **CASE NO.** 2:23-cv-1096<br><br>**COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Compensation (California Labor Code Section 510, and 1194(a) and 1198;**<br><br>2. **Failure to Provide Rest Breaks (California Labor Code Section 226.7);**<br><br>3. **Failure to Provide Meal Breaks (California Labor Code Section 226.7 & 512 (a);**<br><br>4. **Waiting Time Penalties (California Labor Code Section 203); and**<br><br>5. **Violation of Business & Professions Code § 17200, et seq.**<br><br>**UNLIMITED CIVIL**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ALI SANABRIA (hereafter "Plaintiff") by and through his counsel, claims and alleges against Defendants SMALL BUSINESS LENDING, LLC, and NEWTEKONE, INC., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and the matters alleged herein pursuant to the following statutes:

2. Diversity jurisdiction pursuant to 28 U.S.C. §1332(a); and

3. Supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. At all times relevant herein, Plaintiff was and is an individual residing in the County of Los Angeles, State of California. Plaintiff is a citizen of the United States of American and a citizen of the state of California.

5. Plaintiff is informed and believes and based thereon alleges, that at all times relevant herein, Defendants Small Business Lending, LLC (hereafter "SBL") is a Limited Liability Corporation organized under the laws of the State of New York, therefore Defendant SBL is a citizen of the State of New York.

6. Plaintiff is informed and believes and based thereon alleges, that at all times relevant herein, Defendants NewtekOne, Inc., (hereafter "NewtekOne") is a Corporation organized under the laws of Maryland, therefore Defendant NewtekOne is a citizen of the State of Maryland.

7. Defendant Small Business Lending, LLC, and Defendant NewtekOne, Inc., herein and after shall be collectively referred as "Defendants."

8. California Superior Court has jurisdiction over Defendants because Plaintiff is informed and believes, and based thereon alleges, that Defendants employ more than one hundred employees in the State of California.

9. The amount in controversy herein, as demanded by Plaintiff, exceeds the sum or value of $75,000.00 and will be established according to proof at trial.

10. The Court has jurisdiction over Defendants, because upon information and belief, Defendants have sufficient minimum contracts in California or otherwise

1  intentionally avails themselves of the California market so as to render the exercise
2  of jurisdiction over them by this Court consistent with traditional notions of fair
3  play and substantial justice.

4      11.    Venue is proper in this judicial district, because, upon information and
5  belief, the named Defendants transact business in Los Angeles County and/or the
6  acts or omissions that gave rise to this Complaint occurred in this judicial district.

### GENERAL ALLEGATIONS

8      12.    By this reference, Plaintiff alleges and incorporate herein each and
9  every allegation set forth in all previous paragraphs of the Complaint.

10     13.    Plaintiff Sanabria was hired as an underwriter for SBL's office located
11 in Irvine, California sometime around April of 2018. Towards the middle of June
12 2018, Plaintiff Sanabria was promoted to Director managing the credit underwriting
13 department earning approximately $160,000 annual salary.

14     14.    Sometime towards the end of 2019, Plaintiff Sanabria submitted
15 multiple complaints to the Defendant's business credit committee regarding
16 bending and breaking certain federal regulations pertaining to business loan
17 applications. Ultimately after submitting various complaints, Plaintiff Sanabria was
18 demoted to "credit manager" but his salary remained the same.

19     15.    After this demotion, Defendants misclassified Plaintiff Sanabria as a
20 salary exempt employee by stripping him of all managerial duties, requiring him to
21 process paperwork, review loans, underwrote business loans requests and
22 communicated with business owners. Plaintiff Sanabria was excluded from credit
23 and strategic group meetings, and he did not exercise discretion and had no
24 independent judgment.

25     16.    Sometime around March 2020, Plaintiff Sanabria's duties drastically
26 changed yet again, when he was required to solely enter data entry and process
27 "Paycheck Protection Program" or "PPP" loans.

28     17.    From approximately end of 2019 through December 2020, Plaintiff

Sanabria was misclassified as an exempt salary employee, when he should have been classified as a non-except hourly employee.

18. Plaintiff Sanabria's clerical duties included manually entering of numbers in excel, downloading documents into their system, data entry work, and processing of the PPP loans.

19. During this time, Plaintiff Sanabria was working forty (40) regular hours per week, plus an additional estimated thirty (30) hours of overtime and double time hours, each week. Plaintiff Sanabria was not properly compensated for any overtime or double time hours worked each work week.

20. Due to the COVID-19 pandemic, Defendants Irvine office closed down, and Plaintiff Sanabria was required to work remotely from home.

21. Plaintiff routinely worked Monday through Saturday from his home office and routinely worked a minimum of twelve (12) hours a day and sometimes would work a full twenty-four (24) hours to ensure that Defendants did not fall behind due to the large number of PPP loans being processed.

22. Defendants installed tracking software on all of the employees' computer systems, and this was the only way Plaintiff believes Defendants tracked his working hours.

23. Plaintiff worked more than six (6) hours each workday, which entitles him to one thirty (30) minute, uninterrupted meal break, and a second uninterrupted meal break, if Plaintiff worked more than twelve (12) hours each workday. Labor Code §226.7 establishes that employees are expected to have a non-interrupted lunch break which defendants violated and failed to compensate Plaintiff, a meal break premium for any missed or interrupted meal periods.

24. Additionally, Defendants failed to provide legally compliant rest periods to Plaintiff and failed to compensate him for an additional hour of pay for each missed rest period. Pursuant to Labor Code §226, employers are required to provide their employees uninterrupted rest breaks otherwise they are subject to

paying an hour rate as a premium to the employee.

25. Furthermore, the wage statements that Defendants issued to Plaintiff were inherently inaccurate, and they did not properly reflect the total hours worked, gross wages earned, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked by Plaintiff. Moreover, the wage statements failed to reflect any premium paid for missed rest and/or meal breaks as required by precedent. *Naranjo v. Spectrum Security Services, Inc.*, (2022) 13 Cal.5th 93, 117.

26. Within the four (4) years preceding this action, Defendants have engaged in unlawful, unfair, and fraudulent business practices which include not permitting employees such as Plaintiff to take rest and/or meal breaks, misclassifying employees such as Plaintiff as exempt, and failing to provide accurate itemized wage statements. For the foregoing reasons above, Plaintiff has suffered, continues to suffer damages, and therefore is entitled to relief.

## FIRST CAUSE OF ACTION

**Failure to Pay Overtime and/or Double Time**

**(Against all Defendants)**

27. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

28. California Labor Code section 510 requires an employer to compensate its employees at a rate of no less than one and one-half (1.5) times their regular rate of pay for any work: in excess of eight (8) hours in one (1) workday, in excess of forty (40) hours in any one (1) workweek, and during the first eight (8) hours worked on the seventh (7th) day of work in any one (1) workweek.

29. California Labor Code section 510 requires an employer to compensate its employees at a rate of no less than two (2) times their regular rate of pay for any work: in excess of twelve (12) hours in one (1) workday, and in excess of eight (8)

hours on the seventh (7th) day of work in anyone (1) workweek.

30. At all times relevant herein, Plaintiff worked hours in excess of eight (8) hours in one (1) workday, in excess of forty (40) hours in anyone (1) workweek, and/or during the first eight (8) hours worked on the seventh (7th) day of work in anyone (1) workweek, without receiving compensation at a rate of no less than one and one-half (1.5) times his regular rate of pay.

31. At all times relevant herein, on occasion, Plaintiff worked hours in excess of twelve (12) hours in one (1) workday and in excess of eight (8) hours on the seventh (7th) day of work in any one (1) workweek, without receiving compensation at a rate of no less than two (2) times their regular rate of pay.

32. During the end of 2019 through December 2020, Plaintiff routinely worked in excess of twelve hours in one workday, and sometimes would work a full twenty-four hours.

33. Plaintiff Sanabria would typically work forty (40) regular hours per week and thirty (30) overtime hours per week. His day would begin between 4 a.m. and 5 a.m. to deal with east coast account and would end between 7:00 p.m. to 8:00 p.m., Monday through Saturday and occasionally was required to work Sundays.

34. Defendants acted intentionally, oppressively, and maliciously toward Plaintiff, with a conscious disregard of his rights, or the consequences to them, with the intent of depriving him of property, legal rights and causing him injury.

35. As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court. Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code section 558, plus interest, and reasonable attorneys' fees and costs of suit according to California Labor Code section 1194, et seq.

///

///

## SECOND CAUSE OF ACTION

**Failure to Provide Rest Periods**

**(Against all Defendants)**

36. Plaintiff alleges and incorporate herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

37. California Labor Code sections 512 and 226.7(a) prohibit an employer from requiring an employee to work more than four hours per day without providing the employee with a 10-minute rest period.

38. Throughout Plaintiff's employment, he was not provided with rest breaks as he was misclassified as a salary exempt employee.

39. Plaintiff Sanabria was not suffered and permitted to take his mandatory rest break as a result of his job duties, workload, and expected work hours given to him by Defendants.

40. Defendants intentionally and consistently required Plaintiff to work for extended periods of time, well over four hours, without providing the rest periods required by law, thus violating California Labor Code sections 512 and 226.7.

41. As a result, Plaintiff is entitled to civil penalties pursuant to California Labor Code sections 226.7, 512, the relevant Wage Orders, and related statutes. Plaintiff is also entitled to recover for all unpaid rest periods, prejudgment interest, penalties, reasonable attorneys' fees, and costs of suit. The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

## THIRD CAUSE OF ACTION

**Failure to Provide Meal Periods**

**(Against All Defendants)**

42. Plaintiff alleges and incorporates herein by this reference each and

every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

43. At all times relevant herein, the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff.

44. At all times set forth herein, California Labor Code section 226.7 provided and provides that no employer shall require an employee to work during any lawfully mandated meal period.

45. At all times set forth herein, California Labor Code section 512(a) provided and provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

46. At all times set forth herein, California Labor Code section 512(a) further provided and provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee, only if the first meal period was not waived.

47. At all times relevant herein, Plaintiff has worked more than five (5) hours in a workday.

48. At all times relevant herein, Plaintiff has worked more than ten (10) hours in a workday.

49. Defendants failed to provide Plaintiff with uninterrupted, work-free, thirty (30) minute meal periods for shifts in excess of five (5) hours worked per day and failed to compensate her for missed initial meal periods as required by law.

50. Defendants failed to provide Plaintiff with a second uninterrupted, work-free, thirty (30) minute meal period for shifts in excess of ten (10) hours worked per day and failed to compensate her for missed subsequent meal periods as required by law.

51. Plaintiff was not suffered and permitted to take his mandatory meal breaks as a result of the job duties, workload, and expected work hours given to him by Defendants.

52. During the relevant time period, Defendants willfully required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

53. During the relevant time period, Defendants failed to pay Plaintiff the full meal period premium due pursuant to California Labor Code Section 226.7.

54. Defendants' conduct violates California Labor Code sections 226.7 and 512(a).

55. Pursuant to California Labor Code Section 226.7, Plaintiff is entitled to recover from Defendants one (1) additional hour of pay at the employee's regular hourly rate of compensation for each workday that the meal period was not provided.

56. As a proximate cause of the aforementioned violations, Plaintiff has been damaged in an amount to be determined at trial, but in an amount in excess of the jurisdiction of this Court. Plaintiffs are entitled to recover the unpaid balance of wages owed, penalties, including penalties available pursuant to California Labor Code sections 226.7 and 558, plus interest.

## FOURTH CAUSE OF ACTION
### Waiting Time Penalties
### (Against all Defendants)

57. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set

forth herein.

58. Plaintiff is informed and believes and based thereon alleges that California Labor Code sections 203, 210 and 510 were in full force and effect, and binding upon Defendants throughout the course of their employment.

59. At all times relevant, Plaintiff was an employee of Defendants.

60. Plaintiff was not provided all wages owed to him by Defendants within seventy-two (72) hours of the date on which he voluntarily terminated his employment in violation of Labor Code section 202, which provides that if an employer willfully fails to pay any wages of any employee who quits within seventy-two (72) hours of the time of quitting, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid (not to exceed 30 days) or until an action is commenced. Throughout Plaintiff's employment, he was not paid overtime wages.

61. California Labor Code sections 218 and 1194 establish an employee's right to recover unpaid wages, including overtime compensation, interest thereon, together with the costs of suit, and attorney's fees.

62. As a result of Defendants' failure to pay Plaintiff's waiting time penalties, Plaintiff has been harmed in that they have been deprived of all wages due and owing to him.

63. As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of such unpaid wage amounts, penalties, plus interest and penalties thereon, attorney's fees and costs, pursuant to Labor Code sections 203, 218.5, 218.6 and 1194.

## FIFTH CAUSE OF ACTION

**(Violation of California Business and Professions Code Section 17200 Unfair Business Practice – Against All Defendants)**

64. Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set

forth herein.

65. California Business and Professions Code section 17200, et seq., prohibits acts of unfair competition which means and includes "any unlawful, unfair, or fraudulent business act or practice."

66. Within the four (4) years preceding the filing of this action, Defendant has engaged in unlawful, unfair, and/or fraudulent business acts and/or practices by engaging in the conduct set forth above. These business acts and practices violated numerous provisions of the law, including, but not limited to, the California Labor Code, California Wage Orders, and California public policy. Plaintiff reserves the right to identify additional violations of law as further investigation warrants.

67. Defendant's acts and practices, as detailed above, constitute acts of unfair competition. Defendant has engaged in an unlawful, unfair, and/or fraudulent business act and/or practices within the meaning of California Business and Professions Code section 17200, et seq.

68. By reason of Defendant's fraudulent, deceptive, unfair, and other wrongful conduct, as alleged herein, Defendant has violated California Business and Professions Code section 17200, et seq., by consummating an unlawful, unfair, and fraudulent business practice designed to deprive Plaintiff and members of the general public of their legal rights.

69. By reason of the foregoing, Plaintiff, and members of the general public have suffered, and continue to suffer, damages, and are therefore entitled to the relief available under California Business and Professions Code section 17200, et seq., including, but not limited to, restitution, disgorgement, and injunctive relief.

70. As such, Plaintiff, and the general public, seeks a temporary, preliminary, and/or permanent order from this Court prohibiting Defendant from continuing to engage in the unlawful, unfair, and/or fraudulent business acts or practices set forth in this Complaint, in addition to disgorgement and restitution by

Defendant to all persons with a vested interest therein who have been adversely affected by the practices at issue.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

### (Failure to Pay Overtime)

1. That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 510, 1194(a), and 1198;
2. For unpaid overtime and/or double time wages and such general and special damages as may be appropriate;
3. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due until paid in full;
4. For civil penalties pursuant to California Labor Code section 558; and
5. For reasonable attorneys' fees and for costs of suit incurred herein.

### ON THE SECOND CAUSE OF ACTION

### (Failure to Provide Rest Breaks)

1. That the Court declare, adjudge, and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to authorize and permit all rest periods (including second rest periods) to Plaintiff;
2. That the Court make an award to Plaintiff of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;
3. For all actual, consequential, and incidental losses and damages, according to proof;
4. For premiums pursuant to California Labor Code section 226.7(c);
5. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

6. For reasonable attorneys' fees and for costs of suit incurred herein.

## ON THE THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods)

1. That the Court declare, adjudge, and decree that Defendant violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs;

2. That the Court make an award to Plaintiff of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

3. For all actual, consequential, and incidental losses and damages, according to proof;

4. For premiums pursuant to California Labor Code section 226.7(c);

5. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

6. For reasonable attorneys' fees and for costs of suit incurred herein.

## ON THE FOURTH CAUSE OF ACTION

### (Waiting Time Penalties)

1. That the Court declare, adjudge, and decree that Defendant violated California
   Labor Code sections 201, 202 and 203 and is subject to penalties pursuant to California Labor Code section 203;

2. For an award for penalties pursuant to California Labor Code section 203 to
   Plaintiff in an amount to be determined at trial;

## ON THE FIFTH CAUSE OF ACTION

1. For restitution of all profits and gains resulting from Defendant's unfair, unlawful, and/or fraudulent business acts and/or practices to

Plaintiffs and all persons with a vested interest therein who have been adversely affected by the practices at issue;

2. For an injunction permanently enjoining Defendant from continuing to engage in any further acts of unfair, unlawful, and/or fraudulent business acts and/or practices; and

3. For reasonable attorneys' fees and for costs of suit incurred herein.

**AS TO ALL CAUSES OF ACTION:**

1. For an award of reasonable attorneys' fees, costs, expert costs, and expenses pursuant to statutory and common law; and

2. For such other and further relief as this Court may deem just, fair, and proper.

DATED: February 14, 2023

Respectfully Submitted,
BARKHORDARIAN LAW FIRM, PLC

*/s/ **Gregory P. Wong***

_____
Gregory P. Wong
Attorneys for Plaintiff Ali Sanabria

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

DATED: February 14, 2023

Respectfully Submitted,
BARKHORDARIAN LAW FIRM,

*/s/* ***Gregory P. Wong***

_____
Gregory P. Wong
Attorneys for Plaintiff Ali Sanabria