**O**

# United States District Court
# Central District of California

ALI SANABRIA,

               Plaintiff,

    v.

SMALL BUSINESS LENDING, LLC et al.,

               Defendants.

Case № 2:23-cv-01096-ODW (MRWx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND STRIKE [17]**

## I.   INTRODUCTION

Plaintiff Ali Sanabria brings this wage-and-hour action against Defendants Small Business Lending LLC ("SBL") and Newtekone Inc. (collectively, "Defendants"). (Second Am. Compl. ("SAC"), ECF No. 15.)  Defendants move to dismiss Sanabria's claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and to strike portions of the Second Amended Complaint pursuant to Rule 12(f).  (Mot. Dismiss & Strike SAC ("Motion" or "Mot."), ECF No. 17.)  For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.   BACKGROUND

For the purposes of the Rule 12(b)(6) Motion, the Court accepts Sanabria's well-pleaded factual allegations as true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

From approximately April 2018 to December 2020, Sanabria worked as an underwriter at SBL's office in Irvine, California.  (SAC ¶¶ 13–17.)   In June 2018, Defendants promoted Sanabria to Director.  (*Id.* ¶ 13.)   Towards the end of 2019, Sanabria submitted multiple complaints to Defendants' business credit committee concerning Defendants' non-compliance with federal regulations.  (*Id.* ¶ 14.)   Also around that time, Defendants demoted Sanabria.  (*Id.*)   Following the demotion, Defendants classified Sanabria as a salary-exempt employee, stripped him of all managerial duties, excluded him from group meetings, and assigned him exclusively clerical duties such as downloading documents and entering data.  (*Id.* ¶¶ 15–18.)

From the end of 2019, and continuing through 2020, Sanabria worked forty regular hours per week and at least thirty hours per week overtime for Defendants, without proper compensation or breaks.  (*Id.* ¶¶ 17, 19, 23, 24.)   During the COVID-19 pandemic, Defendants required Sanabria to work from home, which he did Monday through Saturday with Defendants tracking Sanabria's working hours with tracking software.  (*Id.* ¶¶ 20–22.)

In February 2023, Sanabria initiated this action.  (Compl., ECF No. 1.)  Based on the above allegations, Sanabria asserts claims against Defendants for (1) failure to pay overtime compensation; (2) failure to provide rest breaks; (3) failure to provide meal breaks; (4) waiting time penalties; and (5) violation of California's Unfair Competition Law ("UCL").  (SAC ¶¶ 27–70.)   Defendants now move to dismiss Sanabria's claims and to strike portions of the Second Amended Complaint.  (*See* Mot.)   The Motion is fully briefed.  (Opp'n, ECF No. 21; Reply, ECF No. 22.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   LEGAL STANDARD

### A.   Motion to Dismiss

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).   To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim."  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true . . . in the light most favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).  However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

### B.   Motion to Strike

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that

must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  However, motions to strike are generally disfavored and should not be granted "unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008).

## IV.    DISCUSSION

Defendants seek dismissal of Sanabria's claims, asserting that he fails to allege a common law employment relationship between Sanabria and Defendants.  (*See* Mot. 1.) Defendants also seek to strike portions of the Second Amended Complaint.  (*Id.*)

### A.    Employment Relationship

Defendants first argue that Sanabria's claims fail and should be dismissed because Sanabria does not sufficiently allege an employment relationship with Defendants.  (Mot. 1, 2–4.)

To state a wage-and-hour cause of action against Defendants for violation of the California Labor Code, Sanabria must plausibly allege that Defendants employed him. *See Ochoa v. McDonald's Corp.*, 133 F. Supp. 3d 1228, 1232 (N.D. Cal. 2015) (noting that defendants could be liable for violations of the California Labor Code only if they employed the plaintiffs).  In *Martinez v. Combs*, the California Supreme Court held that "[t]o employ" means "(a) to exercise control over the wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship."   49 Cal. 4th 35, 64 (2010) (emphasis in original).

Here, Sanabria sufficiently alleges that Defendants exercised control over his wages, hours, and working conditions.  Accepting Sanabria's well-pleaded allegations as true, Sanabria worked for Defendants beginning in April 2018 and continuing through at least December 2020.  (*See* SAC ¶¶ 13–22.)  Defendants exercised control

over Sanabria's working conditions by promoting him, demoting him, stripping him of managerial duties, excluding him from meetings, assigning him clerical duties, and requiring him to work from home during COVID-19.   (*Id.* ¶¶ 13–16, 18, 20.) Defendants exercised control over Sanabria's hours and wages by tracking his hours remotely through software, classifying him as a salary-exempt employee, and expecting that he work forty regular hours plus up to thirty hours overtime without adequate compensation or breaks.  (*Id.* ¶¶ 17, 19, 22–25.)  Construing these factual allegations in the light most favorable to Sanabria, he plausibly alleges that Defendants exercised control over his wages, working hours, and conditions.   Under *Martinez*, this is sufficient to establish the existence of an employment relationship between Sanabria and Defendants at this pleading stage.

Therefore, the Court denies Defendants' Motion to Dismiss.

**B.     Motion to Strike**

Defendants next seek to strike portions of Sanabria's Second Amended Complaint. (*See* Mot. 4–6.)  Specifically, Defendants seek to strike paragraph fourteen of the Second Amended Complaint on the grounds that it bears no relevance to any claim for relief in this lawsuit, and to strike Sanabria's request for attorneys' fees pursuant to the UCL on the grounds that attorneys' fees are not recoverable under the UCL as a matter of law.  (*Id.*)

*1.     Paragraph Fourteen*

A court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Immaterial matter is matter that bears "no essential or important relationship to the claim for relief," and impertinent matters are statements that do not "pertain, and are not necessary, to the issues in question." *Whittlestone*, 618 F.3d at 974 (quoting *Fogerty*, 984 F.2d at 1527).

Here, Sanabria asserts claims against Defendants for violation of the California Labor Code.  As discussed above, to prevail on those claims, Sanabria must establish an employment relationship with Defendants.  *See Ochoa*, 133 F. Supp. 3d at 1232.  In

paragraph fourteen, Sanabria alleges that he submitted complaints to Defendants'
business credit committee concerning the committee's compliance with federal
regulations, and that after he submitted these complaints, Defendants demoted him.
(SAC ¶ 14.)  After that demotion, Defendants classified Sanabia as a salary-exempt
employee and modified his duties.  (*Id.* ¶ 15.)  Thus, in paragraph fourteen, Sanabria
provides context and describes Defendants' exercise of control over his wages and
working conditions.  This information relates to the nature of Sanabria's employment
relationship with Defendants.  As such, paragraph fourteen is neither "immaterial" nor
"impertinent," as it bears an "essential relationship" to and "pertain[s]" to Sanabria's
claims under the California Labor Code.  *See Whittlestone*, 618 F.3d at 974.

Therefore, the Court declines to strike paragraph fourteen of the Second
Amended Complaint.

### 2.    *Attorneys' Fees*

Defendants also ask the Court to strike Sanabria's request for attorneys' fees in
connection with his UCL claim.

The Ninth Circuit held in *Whittlestone* "that Rule 12(f) does not authorize district
courts to strike claims for damages on the ground that such claims are precluded as a
matter of law."  618 F.3d at 974–75.  As such, the Court may not strike Sanabria's claim
for attorneys' fees pursuant to Rule 12(f).  Nevertheless, in similar circumstances,
district courts in California have construed a motion to strike as a motion to dismiss
claims for damages that are precluded as a matter of law.  *See, e.g.*, *Johnson v. Napa
Valley Wine Train, Inc.*, No. 15-cv-04515-TEH, 2016 WL 493229, at *13 (N.D. Cal.
Feb. 9, 2016) (construing defendants' motion to strike as a motion to dismiss and
dismissing plaintiff's request for damages not available as a matter of law); *MacLellan
v. County of Alameda*, No. C 12-5795 MMC, 2013 WL 163732, at *1 n.1, 4 (N.D. Cal.
Jan. 15, 2013) (same); *see also Rhodes v. Placer County*, No. 2:09-cv-00489 MCE KJN
PS, 2011 WL 1302240, at *20 (E.D. Cal. Mar. 31, 2011) ("[C]ourts sometimes construe
such deficient motions to strike as motions to dismiss and analyze them accordingly.").

Consistent with the above authority, the Court construes Defendants' motion to strike as a motion to dismiss.  *See Johnson*, 2016 WL 493229, at *13.  As "plaintiffs suing under the UCL may seek only injunctive and restitutionary relief, and the UCL does not authorize attorney fees," *Rose v. Bank of Am. N.A*., 57 Cal. 4th 390, 399 (2013), Sanabria's request for attorneys' fees pursuant to the UCL is improper.  Accordingly, the Court dismisses Sanabria's claim for attorneys' fees under the UCL.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss and to Strike.  (ECF No. 17.)  The Court **DISMISSES** Sanabria's claim for attorneys' fees under the UCL and **DENIES** the Motion in all other respects.

**IT IS SO ORDERED.**

July 13, 2023

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**