O

# United States District Court
# Central District of California

| | |
|---|---|
| ALI SANABRIA,<br><br>              Plaintiff,<br><br>     v.<br><br>SMALL BUSINESS LENDING et al.,<br><br>              Defendants. | Case № 2:23-cv-01096-ODW (MRWx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT [37] AND DENYING MOTION FOR SANCTIONS [36]** |

## I.   INTRODUCTION

Plaintiff Ali Sanabria brings this wage-and-hour action against Defendants Small Business Lending LLC ("SBL") and NewtekOne Inc. (collectively, "Defendants"). (Second Am. Compl. ("SAC"), ECF No. 15.)  Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56, (Mot. Summ. J. ("MSJ"), ECF No. 37), and for Sanctions pursuant to Rule 11, (Mot. Sanctions, ECF No. 36), (collectively "Motions").  For the reason discussed below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment and **DENIES** Defendants' motion for sanctions.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.  BACKGROUND[2]

From approximately April 2018 to March 2021, Sanabria worked for SBL. (Defs.' Statement of Uncontroverted Facts ("SUF") 3, 26, ECF No. 37-2.) Sanabria began as an Underwriter and, in June 2018, was promoted to Director of Credit Underwriting; in this role, he earned a salary between $140,000 and $160,000. (SUF 6, 12, 16–18, 26.) Around November 2020, Sanabria was informally demoted, after which he eventually held the titles of Credit Manager or Underwriter. (SUF 19, 38; Pl.'s Additional Material Facts ("AMF") 1–2.[3]) Sanabria contends that, after his demotion, Defendants improperly classified him as an exempt employee, stripped him of all managerial duties, excluded him from group meetings, and assigned him clerical duties such as downloading documents and entering data. (AMF 2.) Sanabria also claims that he continued working evenings and weekends for Defendants after his demotion, without proper overtime compensation, meal breaks, or rest breaks. (SGD 58–63; AMF 6–7.). Beginning in March 2020, Plaintiff began working remotely due to the pandemic, and continued working from home until he went on medical leave in March 2021. (SUF 27, 64.)

In February 2023, Sanabria initiated this wage and hour action against Defendants. (Compl., ECF No. 1.) Based on the facts above, Sanabria asserts claims for (1) failure to pay overtime compensation; (2) failure to provide rest breaks; (3) failure to provide meal breaks; (4) waiting time penalties; and (5) violation of California's Unfair Competition Law ("UCL"). (SAC ¶¶ 27–70.) Defendants now move for summary judgment and sanctions against Sanabria. (MSJ; Mot. Sanctions.)[4]

---

[2] The factual background is derived from the undisputed material facts.

[3] Sanabria submits a combined Statement of Genuine Dispute ("SGD") and Additional Material Facts ("AMF"), but begins his AMF numbering again at "1." (*See* Pl.'s SGD & AMF, ECF No. 40-1.) Accordingly, for clarity, the Court cites these Statements separately.

[4] The Court **OVERRULES** Defendants' evidentiary objections to Sanabria's Declaration of Vanessa Jarvis, (*see* Defs.' MSJ Evid. Objs., ECF No. 43-1) and to Sanabria's Declaration of Gregory P. Wong, (Defs.' Sanctions Evid. Objs., ECF No. 42-1).

### III. MOTION FOR SUMMARY JUDGMENT

**A. Legal Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" where it might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the moving party satisfies its initial burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See id.* at 324; *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must show that there are "genuine factual issues that . . . may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250) (emphasis omitted)). Courts should grant summary judgment against a party who fails to make a sufficient showing on an element essential to her case when she will ultimately bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

In ruling on summary judgment motions, courts "view the facts and draw reasonable inferences in the light most favorable" to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks omitted). Conclusory, speculative, or "uncorroborated and self-serving" testimony will not raise genuine issues of fact sufficient to defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla

of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

The Court may assume that material facts claimed and adequately supported are undisputed except to the extent that such facts are (a) included in the opposing party's responsive statement of disputes *and* (b) controverted by declaration or competent written evidence. C.D. Cal. L.R. 56-4. The Court is not obligated to look any further in the record for supporting evidence other than what is actually and specifically referenced. *Id.*

**B.     Discussion**

Defendants move for summary judgment on the grounds that: (1) no legal basis exists for the claims against NewtekOne; (2) Sanabria was properly classified as an exempt employee for the entirety of his employment, and thus not entitled to overtime or meal and rest breaks; (3) Sanabria was not fired and did not quit, and thus his claim for waiting time penalties fails; and (4) Sanabria's UCL claim is derivative and consequently fails as a matter of law. (*See* MSJ 6–16.)

*1.     Preliminary Issues*

Before considering the merits of Defendants' motion, the Court first addresses Defendants' failure to raise exempt employment status in their Answer, and clarifies the time period in issue for the purposes of this litigation.

a.     Exempt employment status

Defendants argue Sanabria was an exempt employee for the duration of his employment, under either an Executive Exemption or Administrative Exemption. (MSJ 8–13.) However, Defendants did not raise either exemption as an affirmative defense in their Answer, despite raising thirty-eight affirmative defenses. (*See generally* Answer, ECF No. 25.) Failing to raise an affirmative defense in a responsive pleading normally results in forfeiture. *Garcia v. Salvation Army*, 918 F.3d 997, 1006 (9th Cir. 2019). The Ninth Circuit has explained that statutory exemptions "must be raised in a party's initial responsive pleading." *Id.* at 1008 (internal quotation marks

omitted). However, "an affirmative defense may be raised for the first time at summary judgment" where there is no prejudice. *Id.* (quoting *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993)).

Although Defendants did not raise exempt employment status as an affirmative defense in the Answer, Sanabria does not claim that Defendants have waived or forfeited these affirmative defenses, nor does he claim prejudice. (*See generally* Opp'n MSJ ("Opp'n"), ECF No. 40.) Moreover, the mere fact that an affirmative defense may be applicable is generally not considered prejudicial. *Garcia*, 918 F.3d 1008–09. Accordingly, the Court considers Defendants' exemption-based arguments in the motion for summary judgment.

b. <u>Time period in issue</u>

Sanabria initially alleged he was improperly classified as non-exempt, and therefore denied overtime pay and breaks, from the end of 2019 through at least December 2020. (SAC ¶¶ 14–17.) Yet, in response to Defendants' moving argument that Sanabria was properly classified as exempt for his entire SBL employment, Sanabria concedes a majority of the challenged time period. (*See* MSJ 8–13 (arguing exempt throughout employment); Opp'n 6–9 (conceding properly exempt before informal demotion in November 2020). Sanabria does not dispute that he was exempt before November 2020. (Opp'n 6–9.) Rather, he insists in opposition that he "is only claiming he was a non-exempt employee . . . for the period after he was [informally] demoted starting in November 2020," when he contends Defendants stripped him of managerial and executive duties. (*Id.*; AMF 1.)

Accordingly, as Sanabria concedes he was properly classified as an exempt employee, and not entitled to overtime or meal and rest breaks, until at least November 2020, the Court accepts the relevant time period in dispute as November 2020 through March 2021.

    2. *Sanabria's Concessions—NewtekOne & Waiting Time Claim*

  Sanabria also concedes his claims against NewtekOne and his claim for waiting time penalties. Regarding NewtekOne, Defendants move for summary judgment on all claims as against NewtekOne because it did not employ Sanabria and Defendants contend Sanabria can offer no facts to establish its liability. (MSJ 6–7.) Sanabria does not oppose dismissal of NewtekOne from this action. (*See* Opp'n 6.) Significantly, Sanabria attempted to concede this point to Defendants and stipulate to NewtekOne's dismissal during the pre-motion meet and confer. (*See* Decl. Vanessa Jarvis ISO Opp'n ("Jarvis Decl.") ¶ 2, ECF No. 40-2.) Accordingly, the Court declines to engage in needless judicial pondery to resolve Defendants' moving argument, *see* C.D. Cal. L.R. 7-12, and instead **DISMISSES** NewtekOne from this action.

  Regarding Sanabria's claim for waiting time penalties, Sanabria initially alleged that Defendants violated California Labor Code section 203 by failing to pay all wages owed to him within seventy-two hours of the termination of his employment. (SAC ¶¶ 58–63.) "Waiting time" penalties are imposed where employers fail to timely pay the wages of an employee "who is discharged or who quits." Cal. Lab. Code § 203(a). Defendants move for summary judgment on this claim on the basis that undisputed deposition evidence establishes Sanabria never quit and was never terminated. (MSJ 16; SUF 68.) Sanabria does not oppose summary judgment as to the waiting time claim. (Opp'n 10–11.) However, Sanabria contends Defendants failed to meet and confer with respect to this issue, and had they done so, they would have learned that Sanabria intended to drop this claim based on the undisputed deposition evidence. (*Id.*; Jarvis Decl. ¶ 4.) Accordingly, as the undisputed facts and evidence establish that Sanabria never formally resigned and was never terminated, Defendants are entitled to summary judgment on the waiting time penalties claim.

    3. *Exempt Employee Status*

  Defendants move for summary judgment on Sanabria's overtime, rest period, and meal period claims arguing that that Sanabria falls under the executive exemption,

during the relevant time period.[5] (MSJ 8–13.) Sanabria contends that he did not meet the executive exemption test after he was stripped of managerial and executive duties and unofficially demoted in November 2020. (Opp'n 8–9.)

California workers are entitled to overtime compensation for working more than forty hours per week or over eight hours a workday, unless properly classified as exempt. Cal. Lab. Code §§ 510(a), 515(a). California workers are also entitled to uninterrupted meal and rest breaks, unless properly classified as exempt. Cal. Lab. Code §§ 512(a), 226.7(b), (e). "[U]nder California law, exemptions from statutory mandatory overtime provisions are narrowly construed." *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 794 (1999). "[T]he assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption." *Id.* at 794–95.

The executive exemption applies to a person who is employed in an executive capacity and: (a) has "duties and responsibilities [that] involve the management of the enterprise in which he/she is employed"; (b) "customarily and regularly directs the work of two or more other employees"; (c) "has the authority to hire or fire other employees" or whose recommendations as to the change of other employees' status is given "particular weight"; (d) "customarily and regularly exercises discretion and independent judgment"; (e) "is primarily engaged in duties which meet the test of the exemption"; and (f) "earn[s] a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment" as defined in Labor Code section 515(c). Cal. Code Regs. tit. 8, § 11040(1)(A)(1).[6]

---

[5] As noted above, based on Sanabria's concession, the relevant time period in dispute is November 2020 through March 2021. *See supra* section B.1.b.

[6] Defendants cite California Code of Regulations title 8, section 11090, to argue that the executive exemption applies. (MSJ 8–9.) While this regulation discusses the executive exemption, it is not applicable here as it applies only to the transportation industry. *See* Cal. Code Regs. tit. 8, § 11090(1). It appears that Defendants meant to cite title 8, section 11040, which applies to people "employed in professional, technical, clerical, mechanical, and similar occupations." *See* Cal. Code Regs. tit. 8, § 11040(1). Accordingly, the Court addresses Defendants' arguments under this section.

As is obvious from the above extensive elements, the determination of whether an employee qualifies as exempt is necessarily fact intensive. *See Ramirez*, 20 Cal. 4th at 802. Courts must consider "how the employee actually spends his or her time" as well as "whether the employee's practice diverges from the employer's realistic expectations." *See id.* (discussing approach to determining applicability of outside salesperson exemption).

Defendants contend that Sanabria meets the second and sixth requirements of the executive exemption—directing the work of others and earning a high monthly salary. (MSJ 9–11.) It is undisputed that, beginning before November 2020 and continuing until January 2021, Sanabria held the title of Director of Underwriting, had approximately eight employees reporting to him, and earned between $140,000 and $160,000. (SUF 34, 35, 37.) It is also undisputed that, beginning in January 2021, Sanabria held the title of Credit Underwriter and continued to earn a similarly high salary. (SUF 38, 47.) However, this is where the agreement ends.

Defendants offer evidence that Sanabria's job duties during the relevant time fell within the executive exemption. (SUF 36, 40.) In contrast, Sanabria submits evidence that, in November 2020, he was informally demoted, stripped of his executive and managerial job duties, and assigned administrative, clerical, or data entry tasks for the majority of his time. (*See* Opp'n 7–8 (citing AMF 1–5, 9).) Thus, a dispute of fact exists regarding Sanabria's job duties after November 2020. Consequently, the critical element considering what types of tasks Sanabria spent most of his time performing remains unclear. *See* Cal. Code Regs. tit. 8, § 11040(1)(A)(1)(e) (requiring the employee to be primarily engaged in [the] duties which meet the test of the [executive] exemption."); *Ramirez*, 20 Cal. 4th at 802 (requiring courts to determine "how the employee actually spends his or her time").

Construing the evidence in the light most favorable to Sanabria as the nonmoving party, a reasonable juror could find that Sanabria did not continue to manage other employees and was primarily performing administrative, clerical, or data entry type

tasks after his informal demotion in November 2020. Accordingly, Defendants have not established that Sanabria was properly classified as exempt between November 2020 and March 2021, and therefore they are not entitled to summary judgment on this basis.

### 4. *Overtime, Meal Break, Rest Break, and UCL Claims*

Defendants next argue that even if Sanabria was not an exempt employee, the undisputed evidence shows that he did not work overtime, and Defendants had a clear policy providing meal and rest breaks. (MSJ 13–15.) Defendants contend the UCL claim is derivative of these and consequently also fails as a matter of law. (*Id.* at 16.)

As noted, California workers are entitled to overtime compensation for working more than 40 hours per week or over eight hours a workday, Cal. Lab. Code §§ 510(a), 515(a), an uninterrupted meal break within the first five hours of work, *id.* § 512(a), and two ten-minute rest breaks for every four hours worked, *id.* § 226.7(b), (e). *See also Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1028–49 (2012) (discussing employer's duties to provide meal and rest breaks).

#### a. Overtime

Defendants move for summary judgment on Sanabria's overtime claim, relying on evidence regarding Sanabria's tenure before November 2020. (MSJ 13–14 (citing SUF 56–59 (concerning time period before informal demotion)).) However, Sanabria is not seeking overtime compensation for that time period. *See supra* section B.1.b. Defendants do not address the overtime claim after November 2020, and therefore fail to establish they are entitled to summary judgment on this claim.

#### b. Meal and Rest Breaks

Defendants move for summary judgment on Sanabria's meal and rest break claims, submitting evidence of a company policy scheduling lunch breaks between 12:00 p.m. and 1:00 p.m. during the workday. (SUF 60–61.) Defendants contend Sanabria "regularly took meal breaks," and point to three messages Sanabria sent his colleagues after November 2020 indicating that he would "call when [he's] back from

lunch" or he "need[ed] to look for food." (MSJ 14–15 (citing SUF 63).) Finally, Defendants argue that, because Sanabria worked remotely after March 2020, "he was able to sign off at any time . . . to take rest breaks." (MSJ 15 (citing SUF 66).)

Sanabria disputes most of these assertions. While he does not dispute that Defendants had a policy about lunch break timing, he disputes that his actual required work schedule permitted him to adhere to this policy. (SGD 60–61.) Similarly, Sanabria does not dispute that he "occasionally took meal breaks," but disputes that the messages Defendants submit establish he "regularly" did. (SGD 63.) Finally, Sanabria offers deposition evidence that, even though he worked remotely, he was not able to take rest breaks and never got an uninterrupted lunch break after his demotion. (SGD 66; AMF 6.)

The Court agrees that evidence of a policy does not establish that Sanabria consistently worked a schedule adhering to the general policy. The Court also agrees that intraoffice messages indicating Sanabria took a lunch break three times over three months is a far cry from establishing that he "regularly took meal breaks" each day. Finally, Sanabria's evidence that he was not able to take uninterrupted rest or meal breaks is sufficient to raise a genuine dispute of material fact. Construing the disputed facts and evidence in the light most favorable to Sanabria, a reasonable juror could conclude that Sanabria worked overtime and was denied meal and rest breaks after his informal demotion in November 2020. Accordingly, Defendants are not entitled to summary judgment on Sanabria's overtime, meal break, or rest break claims.

c. UCL

As Defendants argue only that Sanabria's UCL claim "rises and falls" with the other claims, (MSJ 16), Defendants are also not entitled to summary judgment on Sanabria's UCL claim.

## IV. MOTION FOR SANCTIONS

Defendants seek sanctions against Sanabria and his counsel of record, jointly and severally, in the amount $163,505.00. (Mot. Sanctions 17–19.) Sanabria opposes. (Opp'n Mot. Sanctions, ECF No. 41.)

### A. Legal Standard

Under Rule 11, when an attorney files a pleading with the court, the attorney certifies that "the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The attorney further certifies that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1361–62 (9th Cir. 1990).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 provides for discretionary sanctions. Fed. R. Civ. P. 11(c)(1) ("If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . for the violation."). However, Rule 11 sanctions are "an extraordinary remedy" reserved for "the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344–45 (9th Cir. 1988). As Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," courts have interpreted the rule to "prescribe sanctions . . . only in the exceptional circumstance, where a claim or motion is patently unmeritorious or frivolous." *Riverhead Sav. Bank v. Nat'l Mortg. Equity Corp.*, 893 F.2d 1109, 1115 (9th Cir. 1990) (internal quotation marks omitted).

### B. Discussion

Defendants contend that the Court should sanction Sanabria pursuant to Rule 11 because Sanabria improperly maintained this action against NewtekOne, (Mot. Sanctions 7–8), brought a complaint against Defendants without adequate legal or factual basis and knowing Sanabria was an exempt employee for the entirety of his employment, (*id.* at 8–13), and maintained the frivolous claim that he was demoted, worked overtime, and did not take breaks, (*id.* at 14–17).

Defendants have not established that this is the rare and exceptional case warranting the extraordinary remedy of sanctions. Sanabria presents evidence that his counsel agreed to dismiss NewtekOne prior to Defendants' summary judgment motion, but that Defendants would not stipulate to the dismissal. (*See* Jarvis Decl. ¶ 2.) Moreover, Defendants did not meet their burden on summary judgment to establish that Sanabria was properly classified as exempt during the relevant time period. Finally, Sanabria submits evidence that supports the existence of material factual disputes regarding Sanabria's demotion, actual job duties, hours worked, and ability to take meal and rest breaks. Accordingly, the Court declines to impose Rule 11 sanctions.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS in part and DENIES in Part** Defendants' Motion for Summary Judgment. (ECF No. 37.) Specifically, the Court **DISMISSES** NewtekOne from this action, **GRANTS** summary judgment as to Sanabria's claim for waiting time penalties, and **DENIES** summary judgment in all other respects. The Court **DENIES** Defendants' Motion for Sanctions. (ECF No. 36.)

**IT IS SO ORDERED.**

July 12, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**